IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLENN PALMER and ANDREW ERHART, <br><br> Plaintiffs, <br><br> v. <br><br> LOWE'S HOME CENTERS, INC., a/k/a LOWE'S HIW, INC., a/k/a THE CONTRACTOR YARD, INC., a/k/a LOWE'S COMPANIES, INC., <br><br> Defendants. | ) ) ) ) ) ) ) Civil Action No. 06-353-KAJ ) ) ) ) ) ) ) |

**ANSWER OF DEFENDANT LOWE'S HOME CENTERS, INC., LOWE'S HIW, INC., THE CONTRACTOR YARD, INC., AND LOWE'S COMPANIES, INC.**

Defendants Lowe's Home Centers, Inc., Lowe's HIW, Inc., The Contractor Yard, Inc., and Lowe's Companies, Inc. (collectively, "Defendants") answer Plaintiffs' Complaint in the above-referenced action with the following responses. Defendants deny each and every allegation not expressly admitted below.

1. Defendants deny each and every allegation contained in Paragraph 1 of the Complaint, except as follows: Defendants are without sufficient information to form a belief as to the truth of the allegation that Mr. Palmer is a resident of the State of Delaware. Defendants admit that Mr. Palmer was employed at Lowe's Home Centers, Inc.'s Christiana, Delaware store from March 17, 1998 to December 6, 2004.

2. Defendants deny each and every allegation contained in Paragraph 2 of the Complaint, except as follows: Defendants are without sufficient information to form a belief as to the truth of the allegation that Mr. Erhart is a resident of the State of Delaware. Defendants

admit that Mr. Erhart was employed at Lowe's Home Centers, Inc.'s Christiana, Delaware store from August 27, 2003 to September 13, 2004.

3. Defendants admit the truth of the allegations contained in Paragraph 3 of the Complaint.

4. For their answer to Paragraph 4 of the Complaint, Defendants incorporate, repeat, and reallege each and every part of the Answer set forth in Paragraphs 1 through 3 of the Answer.

5. Paragraph 5 of the Complaint states a legal conclusion only, to which no response is required. To the extent that Paragraph 5 requires a response, Defendants deny each and every allegation contained therein.

6. Paragraph 6 of the Complaint states a legal conclusion only, to which no response is required. To the extent that Paragraph 6 requires a response, Defendants deny each and every allegation contained therein.

7. For their answer to Paragraph 7 of the Complaint, Defendants incorporate, repeat, and reallege each and every part of the Answer set forth in Paragraphs 1 through 6 of the Answer.

8. Paragraph 8 of the Complaint states a legal conclusion only, to which no response is required. To the extent that Paragraph 8 requires a response, Defendants deny each and every allegation contained therein.

9. Defendants deny each and every allegation contained in Paragraph 9 of the Complaint.

10. Defendants deny each and every allegation contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny each and every allegation contained in Paragraph 12 of the Complaint.

13. For their answer to Paragraph 13 of the Complaint, Defendants incorporate, repeat, and reallege each and every part of the Answer set forth in Paragraphs 1 through 12 of the Answer.

14. Paragraph 14 of the Complaint states a legal conclusion only, to which no response is required. To the extent that Paragraph 14 requires a response, Defendants deny each and every allegation contained therein.

15. Paragraph 15 of the Complaint states a legal conclusion only, to which no response is required. To the extent that Paragraph 15 requires a response, Defendants deny each and every allegation contained therein.

16. Paragraph 16 of the Complaint states a legal conclusion only, to which no response is required. To the extent that Paragraph 16 requires a response, Defendants deny each and every allegation contained therein.

17. Defendants deny each and every allegation contained in Paragraph 17 of the Complaint.

18. Defendants deny each and every allegation contained in Paragraph 18 of the Complaint.

19. Defendants deny each and every allegation contained in Paragraph 19 of the Complaint.

20. Defendants deny each and every allegation contained in Paragraph 20 of the Complaint.

Defendants deny that Plaintiffs are entitled to any of the relief sought in the "WHEREFORE" paragraph following Paragraph 20 of the Complaint.

21. For their answer to Paragraph 21 of the Complaint, Defendants incorporate, repeat, and reallege each and every part of the Answer set forth in Paragraphs 1 through 20 of the Answer.

22. Paragraph 22 of the Complaint states a legal conclusion only, to which no response is required. To the extent that Paragraph 22 requires a response, Defendants deny each and every allegation contained therein.

23. Paragraph 23 of the Complaint states a legal conclusion only, to which no response is required. To the extent that Paragraph 23 requires a response, Defendants deny each and every allegation contained therein.

24. Paragraph 24 of the Complaint states a legal conclusion only, to which no response is required. To the extent that Paragraph 24 requires a response, Defendants deny each and every allegation contained therein.

25. Defendants deny each and every allegation contained in Paragraph 25 of the Complaint.

Defendants deny that Plaintiffs are entitled to any of the relief sought in the "WHEREFORE" paragraph following Paragraph 25 of the Complaint.

## AFFIRMATIVE DEFENSES

And further answering, Defendants plead the following additional and affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, release, payment, accord and satisfaction, estoppel, unclean hands, and/or laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed as against certain Defendants because they never employed any of the Plaintiffs and certain Defendants were not an "employer" of the Plaintiffs within the meaning of the Fair Labor Standards Act.

## FIFTH AFFIRMATIVE DEFENSE

Insofar as it may be Defendants' burden to plead and prove any aspect of their conduct in response to Plaintiffs' Complaint, Defendants' conduct toward Plaintiffs at all times and in all respects was consistent with the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.*, Delaware State Labor Law and other Delaware Law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover liquidated or other damages or penalties because Defendants at all times acted in good faith and with reasonable grounds for believing they had not violated the Fair Labor Standards Act or Delaware Law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any recovery because any alleged acts or omissions by Defendants were made in good faith in conformity with and reliance on applicable administrative regulations, orders, rulings, approvals or interpretations, or administrative

practice or enforcement policies with respect to the class of employers to which Defendants belong.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs were at all times paid properly pursuant to the Fair Labor Standards Act and its regulations, including, but not limited to, 29 C.F.R. § 778.114.

### NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek to recover damages for a time more than three years before the filing of this suit, such claims are barred by the limitations period applicable to Fair Labor Standards Act actions.

### TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek to recover damages for a time more than two years before the filing of this suit, such claims are time-barred by the two-year limitations period applicable to Fair Labor Standards Act actions, because Plaintiffs have not pleaded and cannot prove facts sufficient to establish that the alleged violations, if they did occur, were willful.

### ELEVENTH AFFIRMATIVE DEFENSE

The time for which Plaintiffs seek compensation does not, in whole or in part, constitute compensable working time.

### TWELFTH AFFIRMATIVE DEFENSE

All or parts of Plaintiffs' claims are barred under the *de minimis* doctrine.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to challenge any employment practice that did not affect them.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendants upon which attorneys' fees or costs can be awarded.

Defendants reserve the right to assert additional affirmative defenses of which they become aware during the course of discovery.

WHEREFORE, Defendants demand judgment dismissing the Complaint in its entirety, awarding Defendants their costs and disbursements incurred in this action, including reasonable attorneys' fees, and granting such other and further relief as this Court deems just and proper.

POTTER ANDERSON & CORROON LLP

By: *Elizabeth King*
Jennifer Gimler Brady (Del. Bar 2874)
Elizabeth King (Del. Bar 4475)
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
jbrady@potteranderson.com – Email
eking@potteranderson.com – Email

*Attorneys for Defendants*

OF COUNSEL:

Robert G. Lian, Jr.
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 887-4000 - Telephone
(202) 887-4288 - Facsimile

Dated: June 19, 2006
PA&C-737399v1

## CERTIFICATE OF SERVICE

I, Elizabeth King, hereby certify this 19th day of June, 2006, that the foregoing **ANSWER OF DEFENDANT LOWE'S HOME CENTERS, INC., LOWE'S HIW, INC., THE CONTRACTOR YARD, INC., AND LOWE'S COMPANIES, INC.** was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record that the document is available for viewing and downloading from CM/ECF:

G. Kevin Fasic, Esq.
Tighe, Cottrell & Logan, P.A.
First Federal Plaza, Suite 500
704 North King Street
P.O. Box 1031
Wilmington, DE  19899


*/s/ Elizabeth King*
Elizabeth King (#4475)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000 - Telephone
(302) 658-1192 - Facsimile
eking@potteranderson.com

*Attorneys for Defendants*