IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLEN PALMER and ANDREW ERHART,<br><br>Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTERS, INC., a/k/a LOWE'S HIW, INC., a/k/a THE CONTRACTOR YARD, INC., a/k/a LOWE'S COMPANIES, INC.,<br><br>Defendants. | Civil Action No. 06-353-*** (MPT) |

**JOINT MOTION TO FILE**
**CONFIDENTIAL STIPULATION OF SETTLEMENT UNDER SEAL**

Having reached a confidential settlement in this case, Plaintiffs Glen Palmer and Andrew Erhart ("Plaintiffs") and Defendant Lowe's Home Centers, Inc. ("Defendant") jointly seek permission to file under seal an executed copy of their Confidential Stipulation of Settlement, which must be approved by the Court under Section 16(c) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(c), their joint motion for approval and memorandum in support thereof, and proposed Order granting approval of the Confidential Stipulation of Settlement. As discussed more fully in the accompanying memorandum of law, because the balance between private interests and the public's common law right of access to judicial records strongly favors keeping the settlement terms confidential, the parties respectfully request that the Court grant their motion to file these documents under seal. A proposed Order is attached.

Respectfully submitted,

By: /s/ G. Kevin Fasic
    G. Kevin Fasic
    Law Offices of G. Kevin Fasic
    1225 King Street, Suite 200
    Wilmington, DE 19801
    Telephone: (302) 654-4501
    Facsimile: (302) 654-4406

**Attorney for Plaintiffs**

By: /s/ Jennifer Gimler Brady
    Jennifer Gimler Brady
    Elizabeth King
    Hercules Plaza, Sixth Floor
    1313 North Market Street
    P.O. Box 951
    Wilmington, DE 19899-0951
    Telephone: (302) 984-6000
    Facsimile: (302) 658-1192

and

By: /s/ Robert G. Lian, Jr.
    Robert G. Lian, Jr.
    William F. Allen
    Akin Gump Strauss Hauer & Feld LLP
    1333 New Hampshire Avenue, N.W.
    Washington, D.C. 2003
        Telephone: (202) 887-4000
        Facsimile: (202) 887-4288

**Attorneys for Defendant Lowe's Home Centers, Inc.**

Dated: May 17, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLEN PALMER and ANDREW ERHART <br><br> Plaintiffs, <br><br> v. <br><br> LOWE'S HOME CENTERS, INC., a/k/a LOWE'S HIW, INC., a/k/a THE CONTRACTOR YARD, INC., a/k/a LOWE'S COMPANIES, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     Civil Action No. 06-353-*** (MPT) |

### MEMORANDUM IN SUPPORT OF JOINT MOTION
### TO FILE CONFIDENTIAL STIPULATION OF SETTLEMENT UNDER SEAL

Having reached a confidential stipulation of settlement, Plaintiffs Glen Palmer and Andrew Erhart ("Plaintiffs") and Defendant Lowe's Home Centers, Inc. ("Defendant") jointly seek permission to file under seal their Joint Motion for Approval of Confidential Stipulation of Settlement, memorandum of law in support thereof, an executed copy of their Confidential Stipulation of Settlement ("Settlement Agreement"), which will be referenced as Exhibit 1 to the memorandum, and proposed Order granting approval of the Confidential Stipulation of Settlement. Because the balance between private interests and the public's common law right of access to judicial records strongly favors keeping the settlement terms confidential, the parties respectfully request that the Court grant their motion to file the Settlement Agreement and related motion for approval under seal.

I.  **BACKGROUND**

Plaintiffs, both former employees of Defendant in Delaware, filed this lawsuit challenging Lowe's use of the fluctuating workweek method for calculating overtime compensation. *See* 29 C.F.R. § 778.114. Alleging that Lowe's use of the fluctuating workweek method violated federal law, Plaintiffs initiated this FLSA action to recover unpaid overtime compensation, liquidated damages, attorney fees, and costs. Lowe's contends that its use and administration of the fluctuating workweek method fully complies with the FLSA, and expressly denies any wrongdoing alleged by Plaintiffs in this case.

Plaintiffs are also eligible to participate in the settlement of *Hammond, et al. v. Lowe's Home Centers, Inc.*, No. 02-2509-CM-GLR (D. Kan.), an FLSA collective action covering current and former employees in 46 states, including Delaware. On September 29, 2006, the *Hammond* Court certified a collective action under Section 16(b), approved the terms of a confidential stipulation of settlement, authorized issuance to eligible class members of the settlement and their opportunity to join the settlement class, and ordered the stipulation of settlement be filed under seal. *See* Sept. 29, 2006 Order, *Hammond, et al. v. Lowe's Home Centers, Inc.*, No. 02-2509-CM-GLR (D. Kan.) (Dkt. #245). Plaintiffs received notice of their eligibility to opt into the *Hammond* settlement, but have elected to settle their individual claims in this lawsuit and forego participation in the *Hammond* settlement. Defendant represents that the settlement process in *Hammond* case has not yet been completed.

II.  **Legal Standards For Filing Under Seal**

Although federal courts recognize a common-law right of access to judicial records, that right is not absolute. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). Thus, a district court has discretionary power to control and seal records and files in its possession. *Littlejohn v.*

2

*BIC Corporation*, 851 F.2d 673, 678 (3d Cir. 1998) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). In exercising this discretion, "it must be remembered that balanced against the interest of settlement is the interest of the public to have access to information concerning judicial proceedings." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 789 (3d Cir. 1994). Thus, courts must "engage in [a] balancing process" to determine if sealing is appropriate. *In re Cendant Corp.*, 260 F.3d at 198.

The Third Circuit requires "good cause" to justify an order of confidentiality "at the discovery or any other stage of litigation, including settlement." *Pansy*, 23 F.3d at 786. "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Pansy*, 23 F.3d at 786 (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

In addition, there is a "strong public interest in encouraging settlement of private litigation," because such settlements "save the parties the substantial cost of litigation and conserve the limited judicial resources of the judiciary." *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986). Courts have acknowledged that confidentiality of settlement terms may facilitate settlement, avoid protracted litigation, and allay fears of further litigation. *See, e.g., Hotel Rittenhouse Assocs.*, 800 F.2d at 344-46 (3d Cir. 1986).

Accordingly, courts also consider the parties' agreement to a "particularized need for confidentiality" as a factor in favor of denying public access. *Pansy*, 23 F.3d at 788; *Hotel Rittenhouse Assocs.*, 800 F.2d at 344-46. Furthermore, "if a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality." *Pansy*, 23 F.3d at 788.

### III. The Balancing Of Public And Private Interests Favors Sealing The FLSA Settlement Agreement

In this case, the interests of the public and the parties are clearly aligned in favor of sealing the Settlement Agreement. Public disclosure of the settlement terms would interfere in the settlement process of the *Hammond* case pending before the federal district court in Kansas. As a result, no other alternative exists that would serve the interests of the parties in confidentiality and the public interest in just and speedy resolution of the FLSA claims at issue in this case.

#### A. Public Disclosure Of The Settlement Agreement Would Interfere With The *Hammond* Settlement Process

As discussed in Section I, *supra*, the United States District Court for District of Kansas approved a settlement of various similar FLSA lawsuits involving Defendant on September 29, 2006. *See* Sept. 29, 2006 Order, *Hammond, et al. v. Lowe's Home Centers, Inc.*, No. 02-2509-CM-GLR (D. Kan.) (Dkt. #245). On January 17, 2007, notice of the confidential settlement in that case issued to eligible class members, informing them of their right to opt-in to the settlement under the FLSA. The eligible class members include current and former employees who, like Plaintiffs, worked in Defendant's Delaware stores. Disclosure of the terms of the Settlement Agreement here could result in substantially fewer class members joining the settlement in *Hammond*, thereby undermining the settlement of that case and possibly spawning additional litigation in multiple jurisdictions, in Delaware and elsewhere.[1] Indeed, out of

---

[1] Although the parties are aware that at least three district courts have unsealed settlement agreements after approving such agreements under the FLSA, these cases are distinguishable from the circumstances presented here. *See Stephens v. County of Albemarle*, 422 F. Supp. 2d 640, 644-45 (W.D. Va. 2006); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1262 (M.D. Ala. 2003); *Boone v. City of Suffolk*, 79 F. Supp. 2d 603, 605 (E.D. Va. 1999).

First, in none of these cases did the parties make a showing of a "particularized need for

4

consideration for the *Hammond* settlement process, three other district courts have permitted the filing under seal of confidential settlement agreements involving challenges to Defendant's use of the fluctuating workweek method. *See* Mar. 6, 2007 Order, *Evans v. Lowe's Home Centers, Inc.*, No. 3:03-cv-00438-ARC (M.D. Pa.) (Dkt. #338); Mar. 12, 2007 Order, *Hagedorn v. Lowe's Home Centers, Inc.*, No. 1:06-cv-106 (N.D. W.Va.) (Dkt. #39); May 3, 2007 Order, *Jones v. Lowe's Home Centers, Inc.*, No. 4:06-cv-128-M (W.D. Ky.) (Dkt. #23).

### B.   Confidentiality Is A Material Term Of The Settlement Agreement

In this case, the confidentiality provision is a material term of the settlement agreement to Defendant. In *In re Franklin Nat'l Bank Securities Litigation*, 92 F.R.D. 468 (E.D.N.Y. 1981), *aff'd sub nom. FDIC v. Ernst & Ernst*, 677 F.2d 230 (2d Cir. 1982), a public interest group attempted to set aside a confidentiality order that preserved the confidentiality of a settlement of complex multidistrict litigation arising out of the insolvency of a large bank. In refusing to lift the confidentiality order, both the district court and the Second Circuit emphasized the magnitude of the litigation and the public interest involved in resolving the dispute short of trial. *See Hotel Rittenhouse Assocs.*, 800 F.3d at 345 (discussing case). The district court noted that confidentiality was a critical factor in avoiding a lengthy trial and enormous expenditures of litigant and judicial resources. *In re Franklin Nat'l Bank Secs. Litig.*, 92 F.R.D. at 472. Although the public interest in knowing the terms of the settlement was relevant, the district court found this interest was outweighed by "the strong public policy favoring settlement of

---

confidentiality." *Pansy*, 23 F.3d at 788. Second, the *Stephens* and *Boone* cases involved government defendants and thus the public had a more compelling interest in accessing the settlement agreements than is presented here. *Stephens*, 422 F. Supp. 2d at 645; *see also Nixon*, 435 U.S. at 597-98 (noting that the right of access is especially important when sought "to keep a watchful eye on the workings of public agencies"). Third, and most importantly, the unsealing of the settlement agreements in these cases had no impact on other litigation. Here, however, the *Hammond* settlement process would be undermined by public disclosure of the Settlement Agreement.

disputes, particularly in complicated cases, and the importance of stability of judgments and settlements." *Id.* This same public policy weighs in favor of maintaining the confidentiality of the parties' settlement agreement in this case.

## IV.    Conclusion

For the reasons stated herein, the parties jointly request that their Confidential Stipulation of Settlement and related motion for approval, memorandum of law in support thereof, and proposed Order be filed under seal.

Respectfully submitted,

By: /s/ G. Kevin Fasic
    G. Kevin Fasic
    Law Offices of G. Kevin Fasic
    1225 King Street, Suite 200
    Wilmington, DE 19801
    Telephone: (302) 654-4501
    Facsimile: (302) 654-4406

**Attorney for Plaintiffs**

By: /s/ Jennifer Gimler Brady
    Jennifer Gimler Brady
    Elizabeth King
    Hercules Plaza, Sixth Floor
    1313 North Market Street
    P.O. Box 951
    Wilmington, DE 19899-0951
    Telephone: (302) 984-6000
    Facsimile: (302) 658-1192

and

By: /s/ Robert G. Lian, Jr.
    Robert G. Lian, Jr.
    William F. Allen
    Akin Gump Strauss Hauer & Feld LLP
    1333 New Hampshire Avenue, N.W.
    Washington, D.C. 2003
    Telephone: (202) 887-4000
    Facsimile: (202) 887-4288

**Attorneys for Defendant Lowe's Home Centers, Inc.**

Dated: May 17, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GLEN PALMER and ANDREW ERHART<br><br>Plaintiffs,<br><br>v.<br><br>LOWE'S HOME CENTERS, INC., a/k/a LOWE'S HIW, INC., a/k/a THE CONTRACTOR YARD, INC., a/k/a LOWE'S COMPANIES, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 06-353-*** (MPT) |

### ORDER

Having considered the parties' Joint Motion to File Confidential Stipulation of Settlement Under Seal and the entire record herein, and good cause having been shown, the Court GRANTS the parties' motion. It is ORDERED that the parties may file under seal their Joint Motion for Approval of Confidential Stipulation of Settlement and Entry of Stipulated Judgment, Memorandum in Support thereof, the Confidential Stipulation of Settlement attached thereto as Exhibit 1, and Proposed Order for approval of the Confidential Stipulation of Settlement, and that such documents shall remain SEALED following the date of entry of this Order.

SO ORDERED this ___ of May, 2007.

_____
Hon. Mary Pat Thynge
United States Magistrate Judge